Martha G. Bronitsky, #127583  
Chapter 13 Standing Trustee  
Sarah Velasco, #255873, Staff Attorney  
PO Box 5004  
Hayward, CA 94540  
(510) 266- 5580  
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| In re | Chapter 13 Case No. 23-41350-WJL13 |
|---|---|
| **Eleanor Marie Macdonnell** | |
| Debtors | |

| **Plan Objection Information** |
|---|

Chapter 13 Trustee ("Trustee") Objects To: Chapter 13 Plan  
Filed: November 16, 2023  
Docket#: 16

| **Motion To Dismiss Information** |
|---|

☒ Trustee Seeks To Dismiss or Convert the Case

Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

(See II. Motion To Dismiss Below)

| **Case Information** |
|---|

Petition Filed: October 17, 2023         Attorney Name: PRO PER

# I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

## (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☑  (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: The Debtor has not provided 60 days worth of payment advices as required by Section 521 of the Bankruptcy Code.  If the debtor does not receive payment advices then a statement outlining this must be provided.  Schedule I line 8e lists SSI for $0 however the Statement of Affairs number 6 lists $1,000 per month.  Schedule J number 4 fails to list the mortgage payment, line 6 does not list any utility expenses, line 15c does not list any vehicle insurance expense.  Section 2.1 proposes no plan payment or plan term.  Chapter 13 requires that a debtor make plan payments for a specified term from 36-60 months.

☐  (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐  (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐  (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐  (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐  (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☑ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: Schedule J line 23c lists the excess income of negative $25. That amount will not fund the plan.

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☑ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts: Section 5 Class 13 lists Ocwen Loan Servicing as a Special Unsecured Debt. If the debtor still owns the real property the debt should be listed as a Class 1 Debtor. The Debtor filed attachment A for a conduit plan. If the debtor wants to pay the mortgage as part of the plan payment then it should be in Class 1 and the plan payment must include the mortage payment, plus the Trustee fee. If not then the treatement as a special unsecured claim should be specified.

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts:

☑ (15(a)) Other:   The Plan Must Be Served and The Plan is Incomplete

Facts: This case was filed as a skeleton petition and the plan was not included in the Notice of Commencement of Case.  The Local Rules require that the debtor serve the plan on all Creditors with 28-days Notice and Opportunity to Object.  Service has not been done.  Section 1.1 through 1.3 and Section 2.2 are left unanswered. Section 5 Class 14 the debtor elected "none" for the general unsecured creditors but Schedule E/F indicate unsecured creditors.  The debtor must select on of the options.

☐ (15(b)) Other:

Facts:

## (B) Local Rules and General Orders

☐   (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

 Facts:

☐  (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐   (18)  The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☐  (19) Other:

Facts:

## II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐   (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐   (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☑ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts: Schedule A/B number 3.1 is missing the mileage for the 1980 Cadillac Deville. Number 4 was not completed. Schedule E/F line 4.1 Lists Ocwen Loan Servicing as an Unsecured Debt. If this is for a Deed of Trust for the debtor's real property it should be removed from this schedule and listed on Schedule D.

☐ (6) Other cause:

Facts:

### III. Trustee's Recommendation/Analysis

☑ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Carolina Urbina by email at curbina@oak13.com.

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐ That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: January 20, 2023              /s/ Trustee Martha G. Bronitsky
                                    Trustee Martha G. Bronitsky
                                    Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| Date: January 20, 2023 | /s/ Olga Gonzalez |
| | Olga Gonzalez |
| | |
| Eleanor Marie Macdonnell | Pro Per |
| 2121 Encinal Ave | |
| Alameda, CA 94501 | (Counsel for Debtor) |
| | |
| Debtor | |